## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    **v.**                        **Case No.:  6:25-cr-207-PGB-LHP**

**ANGEL MANUEL GALLARDO**
**CANDELARIA,**

      **Defendant.**

### ORDER

This cause comes before the Court on a Motion for Reconsideration of the Pretrial Detention Order and to Modify Conditions of Release, (Doc. 30), (the "Motion") filed by Defendant Angel Manuel Gallardo Candelaria, and the United States' Response in Opposition (Doc. 40). For the reasons below, the Motion will be denied.

### BACKGROUND

The Defendant was arrested at the Orlando International Airport on July 8, 2025, and appeared before the undersigned for an initial appearance on July 9, 2025. (Docs. 1 & 3). The Defendant was charged by criminal complaint with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). The United States moved for detention pursuant to 18 U.S.C. § 3142(f) and requested a continuance to prepare for the hearing. (Docs. 8 & 9). Defense counsel objected to the continuance and insisted that the hearing be conducted as quickly as possible. In light of that objection, the Court continued the hearing until the following day. (Doc. 13).

The Court found that there was probable cause to believe that the Defendant violated 18 U.S.C. § 2252A(a)(1), and as a result, it is presumed, subject to rebuttal by the Defendant, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). At the detention hearing the United States proffered evidence from a search of Defendant's cell phone, including that it contained: at least 500 images of child pornography, some involving toddlers and babies; at least 15 files that had been shared by the Defendant; and text communications in which the Defendant discusses taking surreptitious photographs of minors in his house and claims to have touched a minor in her sleep while at his house at a sleep-over. (Doc. 30, Exhibit A, at 4–6). In response, the defense called one witness, Angel Gallardo ("Mr. Gallardo"), the Defendant's father. Mr. Gallardo testified that he resides in Puerto Rico, but that he is staying at a hotel in one of the tourist areas of Central Florida. (*Id*. at 11, 15). Mr. Gallardo testified that he did not believe his son was a flight risk and agreed to serve as a third-party custodian if the Defendant was released. (*Id*. at 11, 14). If Defendant was released, the defense proposed that he could live with his father in the hotel until trial. (*Id*. at 14–15).

As stated on the record in the hearing, in consideration of the evidence presented and the factors in 18 U.S.C. 3142(g), the Court found that there were no conditions of release that would reasonably assure the appearance of the Defendant as required or the safety of any other person and the community. (Doc. 13) (the "Detention Order").

## STANDARD

The Motion does not cite to any legal authority that permits the Court to reconsider the Detention Order. Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The title of the Motion is for "reconsideration." As the presiding District Judge in this case explained, the criminal rules of procedure do not expressly authorize a motion for reconsideration of a criminal order. (Doc. 29) (citing *United States v. Vicaria*, 963 F.2d 1412, 1413 (11th Cir. 1992) and *United States v. Vives*, 546 Fed. App'x 902, 905 (11th Cir. 2013) ("Because no statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case, we affirm the denial of Vives's motion for reconsideration.")). Some courts in this circuit have entertained motions to reconsider in criminal cases, and in doing so, have employed the standard for such motions in civil cases. *See, e.g., United States v. Kight,* No. 1:16-CR-99-WSD, 2017 WL 5664590, at *2 (N.D. Ga. Nov. 27, 2017).

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med.,*

- 3 -

*Inc. v. Dean Witter Reynolds, Inc.,* 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). A motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, In*c., 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.,* No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

## ANALYSIS

Defendant raises three arguments in support of his Motion: (1) that he was at a "severe time disadvantage" and as a result he was unable to "marshal necessary documentation and to make arrangements for a place of residence pending his trial," (Doc. 30 at 2); (2) that counsel has identified an apartment where the Defendant can reside, (Doc. 30 at 2); and (3) citing case law for the proposition that Defendant should be released and one case where a court released a defendant in analogous circumstances. (Doc. 30 at 10-12).

First, the Defendant was responsible for his own "severe time disadvantage" by insisting on a prompt detention hearing. Counsel for the United States requested a

three-day continuance. The Court denied that request and continued the hearing until the next day because of the Defendant's objection and insistence on an expedited hearing. Defendant cannot complain now that he lacked sufficient time to prepare when he failed to seek a continuance at the time and objected to the short continuance requested by the United States.

The second argument does not offer any new evidence, but proposes that Defendant live in a close friend's apartment in Davenport, Florida. (Doc. 30 at 2). It is unclear from the Motion where, exactly, the apartment is located, who else lives at the apartment, or whether the proposed third-party custodian (still Mr. Gallardo) would be permitted to live there as well. In any event, this is not new evidence that was unavailable to counsel at the hearing. The Motion does not mention when counsel became aware of this close-friend and his apartment, or why this alternative was unavailable before.

The third argument is based on comparison to *United States v. Pako*, No. 21-14021-CR, 2021 WL 2603759 (S.D. Fla. June 24, 2021), caselaw available to the Defendant at the time of the original hearing. This is insufficient under either the standard for reconsideration or 18 U.S.C. § 3142(f)(2). That case is also distinguishable in several regards. The nature of the offense is different. In *Pako* the defendant was accused of having extended discussions over the internet with an undercover officer he believed was a 13-year-old girl. *Id.*, at *3. Unlike this case, there is no mention of the number of photographs in the defendant's possession, and there was no suggestion that the defendant had physically touched a minor. As noted above, there is evidence

here that the Defendant had over 500 images on his phone, actually touched a minor who was having a sleep-over at his house, and may have taken a surreptitious photograph of another minor.

The proposed living situation is also different. In *Pako* the defendant's immediate family (including his two young children) resided with their mother in Japan while the defendant would reside with his mother and step-father in Sebring, Florida, a small rural community, in a house on a "one-block, dead-end street" such that there is a "reduced risk of students walking past the residence." *Id*. at *5. Here, the Defendant's family and his minor children all live in Central Florida. The Defendant proposes to live in Davenport, Florida, at an unknown address "thirty (30) minutes from Disney World's Magic Kingdom." The instant Motion is unclear about who, if anyone, would live with the Defendant in this residence.

In sum, the Motion fails under either the standard for reconsideration or 18 U.S.C. § 3142(f)(2) because it offers no evidence that was unavailable to the Defendant at the time of the hearing, points to no change in law, and does not establish clear error or manifest injustice.

It is therefore **ORDERED** that Defendant's Motion for Reconsideration (Doc.

30) is **DENIED**.

**DONE and ORDERED** in Orlando, Florida, on August 13, 2025.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel for Record

Unrepresented Parties